UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| WYEN BRYANT M., | Case No. 6:20-cv-02219-AR |
| Plaintiff, | **ORDER FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)** |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**ARMISTEAD, Magistrate Judge**

Plaintiff Wyen Bryant M. (last name omitted for privacy) brought this action seeking review of the Commissioner's final decision denying his application for supplemental security income benefits under Title XVI of the Social Security Act.[1] On November 15, 2021, the court granted a stipulated motion to remand the Commissioner's decision for further administrative

---

[1] The parties have consented to jurisdiction by magistrate judge as permitted by 28 U.S.C. § 636(c)(1).

Page  1  – ORDER FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

proceedings. On remand, plaintiff received a fully favorable decision and was entitled to receive benefits beginning August 2018. Although plaintiff's counsel previously was awarded $11,030 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, that entire award was seized by the U.S. Treasury Department's Offset Program to satisfy a debt that plaintiff owed, consistent with *Astrue v. Ratliff*, 560 U.S. 586, 590 (2010).

Plaintiff's counsel, Nancy Meserow, now seeks approval of $13,059 in attorney fees, under 42 U.S.C. § 406(b), which represents 25 percent of plaintiff's past-due benefits. (Pl.'s Mot. Attorney Fees, ECF No. 26.) Although the Commissioner does not dispute that counsel is entitled to an award of fees and agrees that the amount requested is reasonable, the Commissioner takes issue with the wording of plaintiff's counsel's Proposed Order attached to the motion for attorney fees.

## DISCUSSION

Under 42 U.S.C. § 406(b), the court may allow a reasonable fee for an attorney who represented a Social Security claimant and obtained a favorable judgment, as long as the fee does not exceed 25 percent of the total past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (providing that the agency withholds a pool of 25 percent of a claimant's past due benefits to pay attorney fees). When a contingency fee agreement applies, the court will look first to the agreement and conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See Gisbrecht*, 535 U.S. at 807-08. Although the fee agreement is the primary means for determining the fee, the court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result

Page 2 – ORDER FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

      The court has reviewed the record in this case, the motion, and the supporting materials, including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Plaintiff agreed to pay counsel fees of 25 percent of any past-due benefits awarded to him. (Meserow Decl. Attach. 1, ECF No. 27-1.) The amount sought by counsel, $13,059, is 25 percent of the total award of $52,236. (*Id.* Attach. 2, ECF 27-2.) The representation was not substandard and the results achieved were excellent. This court granted a stipulated remand, after which plaintiff received a fully favorable determination of benefits. There is no evidence of delay or that a windfall will result from the requested fee. Moreover, the Commissioner has no objection to the amount of the award. Applying the standards set by *Gisbrecht*, the court finds that the requested fees are reasonable.

      The parties dispute the wording to be used in this Order. The Commissioner contends that § 406(b)(1)(A) does not authorize an order "directing" the Commissioner to "pay" attorney fees. (Def.'s Resp. at 2-3, ECF No. 31.) The Commissioner requests that the order specify that any amount of fees awarded under § 406(b) are to be paid out of plaintiff's past-due benefits that have been withheld by the agency for that purpose. At bottom, the Commissioner appears concerned about being on the hook for attorney fees in the event of a shortfall of withheld funds. The proposed order provided by plaintiff's counsel complies with the Commissioner's request, as does the court's order below.

The Commissioner also notes that when an attorney receives fees under the Equal Access to Justice Act (EAJA) and § 406(b), the attorney must refund the smaller fee award to the claimant. (Def.'s Resp. at 4.) Because the Treasury has withheld all sums previously, there is nothing for plaintiff's counsel to return. *See Lozoya v. Kijakazi*, Case No. CV-12-0294-TUC-BGM, 2022 WL 80048, at *2 (D. Ariz. Jan. 7, 2022) (stating that where the entire EAJA fee is withheld by the Treasury, "there is nothing for Plaintiff's counsel to return"). Accordingly, the Commissioner's concerns have been addressed.

## CONCLUSION

Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (ECF No. 26) is GRANTED. Plaintiff's counsel, Nancy J. Meserow, is allowed attorney fees under 42 U.S.C. § 406(b), in the amount of $13,059, to be paid out of plaintiff's past due benefits. Any funds withheld by the Commissioner in anticipation of an order under § 406(b), less an administrative assessment under 42 U.S.C. § 406(d), may be paid to Nancy J. Meserow, Law Office of Nancy J. Meserow, 7540 SW 51st Avenue, Portland, OR 97219.

DATED: April 2, 2024

_____
JEFF ARMISTEAD
United States Magistrate Judge